## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Commodity Futures Trading Commission, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:05-mc-00493-ESH/AK |
| | ) | |
| Equity Financial Group, LLC, *et al.*, | ) | |
| | ) | Judge Ellen S. Huvelle |
| Defendants. | ) | Magistrate Judge Alan Kay |
| | ) | |
| | ) | |
| _____ | ) | |

## NONPARTY MCDERMOTT WILL & EMERY LLP'S MEMORANDUM IN OPPOSITION TO EQUITY RECEIVER'S MOTION TO COMPEL AND IN SUPPORT OF MCDERMOTT'S MOTION FOR PROTECTIVE ORDER

Dated: January 25, 2006

Jana V.T. Baldwin (D.C. Bar. 436260)
McDermott WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Tel.: 202-756-8000
Fax: 202-756-8087

*Counsel for Nonparty*
*MCDERMOTT WILL & EMERY LLP*

## TABLE OF CONTENTS

**PAGE**

**INTRODUCTION** ........................................................................................ 1

**FACTUAL BACKGROUND** ...................................................................... 2

   I.  MCDERMOTT'S REPRESENTATION OF TECH TRADERS,
      INC., TECH TRADERS, LTD. AND COYT E. MURRAY .......................... 2

   II.  THE RECEIVER'S SUBPOENA AND EFFORTS TO
       RESOLVE THIS DISCOVERY DISPUTE ................................................. 4

**ARGUMENT** ............................................................................................... 6

   I.  DOCUMENTS PREPARED BY MCDERMOTT IN ANTICIPATION
      AND/OR IN RESPONSE TO LITIGATION AGAINST
      MCDERMOTT ARE NOT RELEVANT ..................................................... 7

   II.  DOCUMENTS PREPARED BY MCDERMOTT IN ANTICIPATION
       OF AND/OR IN RESPONSE TO LITIGATION AGAINST
       MCDERMOTT ARE PRIVILEGED AND PROTECTED WORK
       PRODUCT............................................................................................. 9

   III. REQUIRING A PRIVILEGE LOG OF IRRELEVANT AND
       CLEARLY PROTECTED MATERIALS IS UNNECESSARY AND
       UNDULY BURDENSOME ...................................................................... 10

**CONCLUSION** ......................................................................................... 13

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Burlington Ins. Co. v. Okie Doki, Inc. et al*, 368  Supp.2d 83 (D.D.C. 2005)...........................................................................................................8

*Cusumano v. Microsoft Corp.,* 162 F.3d 708 (1st Cir. 1998)...........................10

*Director of the Office of Thrift Supervision v. Vinson & Elkins*, 168 F.R.D. 445 (D.D.C.  1996) ........................................................................................8

*Fleet Nat'l Bank v. Tonneson & Co.*, 150 F.R.D. 10 (D. Mass. 1993).............................9

*Food Lion v. United Food & Commercial  Workers Int'l Union*, 103 F.3d 1007 (D.C. Cir. 1997)...................................................................................5

*Hickman v. Taylor*, 329 U.S. 495 (1947)...................................................8, 11

*Ideal Electric Co. v. Flowserve Corp.*, 230 F.R.D. 603 (D. Nev. 2005)...........................8

*In Re Sealed Case*, 29 F.3d 715 (D.C. App. 1994)…           …………..........9

*Long v. Anderson Univ.*, 204 F.R.D. 129 (S.D. Ind. 2001) ........................6, 10

*Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318 (Fed. Cir. 1990)...........................6

*Miscellaneous Docket Matter # 1*, 197 F.3d 925 (8th Cir. 1999)........................6

*N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 2005 U.S. Dist. LEXIS 22554 (D.D.C. Oct. 6, 2005) ...............................................................6, 10

*United States of America v. Philip Morris Inc.*, 347 F.3d 951 (D.C. Cir. 2003)..........................................................................................................11


**RULES**

Fed. R. Civ. P.  45.............................................................................6, 10, 12

Fed. R. Civ. P.  37........................................................................................6

Fed. R. Civ. P. 26......................................................................................11

9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463 (2d. ed. 1995).......................................................................12

## INTRODUCTION

Nonparty McDermott Will & Emery LLP ("McDermott") respectfully submits this Memorandum in Opposition to the Motion to Compel filed by Stephen T. Bobo ("Receiver's Motion"), the equity receiver in the above-captioned case ("Receiver"), and in support of McDermott's Motion for a Protective Order.

The Receiver seeks documents McDermott considers to be work product relating to McDermott's "representation of Tech Traders, Inc., Tech Traders, Ltd. and [Coyt E.] Murray." Receiver's Motion at 9 and 7 (*citing* McDermott letter dated June 24, 2005 attached to Receiver's Motion as Ex. J). Following the filing of the Receiver's Motion, McDermott offered to produce the previously withheld work product documents McDermott prepared as part of McDermott's representation of Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray. This offer to produce should have mooted Receiver's Motion to Compel. Instead, the Receiver continues to challenge McDermott's withholding of a separate category of work product, " *i.e.*, McDermott's draft court filings and other ongoing work product and privileged documents prepared as part of McDermott's representation of itself, and demands a privilege log. It is completely unnecessary and burdensome for McDermott, a nonparty, to prepare and continually supplement a privilege log of these irrelevant, clearly privileged and protected documents. Accordingly, McDermott requests that the court deny the Receiver's Motion and issue a protective order providing that McDermott is not required to prepare a privilege log for McDermott's work product and privileged documents not prepared as part of the representation of Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray. In the alternative, McDermott respectfully suggests that an *in camera* review of the disputed documents is the most efficient way to finally settle any outstanding issues.

## FACTUAL BACKGROUND

**I.   McDermott's Representation of Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray**

During the period of January through June 2004, McDermott provided services to three related clients, Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray. McDermott was retained by Tech Traders, Inc. and Tech Traders, Ltd. on or about December 31, 2003 to provide legal services in connection with Commodity Futures Trading Commission ("CFTC") regulations. *See* Retention Letters, Receiver's Motion at Ex. C.   On or about February 13, 2004, Coyt E. Murray, President of Tech Traders, Ltd. and Tech Traders, Inc., also retained McDermott to represent him with respect to setting up hedge funds and issues related to CFTC regulations. *Id.* at Ex. D.

On or about April 1, 2005, the CFTC filed a Complaint for Injunctive and Other Equitable Relief against several defendants including Tech Traders, Inc. *Commodity Futures Trading Commission v. Equity Financial Group, LLC, et al.*, Case Number 04CV1512 (D.N.J.) (the "CFTC Investigation").  On April 1, 2004, Judge Robert B. Kugler of the United States District Court for the District of New Jersey issued a Statutory Restraining Order and Order Appointing Receiver appointing Stephen Bobo as equity receiver for Tech Traders, Inc. and others in the CFTC Investigation. *See* Statutory Restraining Order and Order Appointing Receiver, Receiver's Motion at Ex. A. On August 24, 2004, the Court modified its April 1, 2004 Statutory Restraining Order to also appoint Mr. Bobo the Receiver of Tech Traders, Ltd. and others.

In response to the Court's April 1, 2004 Restraining Order, McDermott stopped applying retainer funds in McDermott's possession related to Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray ($164,362.43) to outstanding invoices or fees.

McDermott informed the Receiver that McDermott would await an appropriate court order before taking any action with respect to the retainer funds. *See* Letter dated June 8, 2004, attached as Ex. B hereto.

By three separate letters dated April 8, 2004, McDermott informed Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray that McDermott had terminated its representation of Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray in his individual capacity. *See* Termination Letters, Receiver's Motion at Ex. E.

On or about December 2, 2005, the Receiver filed with the New Jersey District Court a Motion for Entry of Turnover Order Directed at McDermott, Will & Emery LLP ("Turnover Motion"), requesting that McDermott turn over to the receivership estate the sum of $164,362.43 that McDermott received from Tech Traders, Inc as retainer funds. *See* Receiver's Motion at Ex. O. In response to the Receiver's Turnover Motion, McDermott informed the New Jersey Court that it was prepared to immediately turn over to the receivership estate the sum of $74,251.74, which represents the $164,362.43 in retainer funds less $ 90,110.69 in McDermott attorneys' fees and costs incurred and billed for March through June 2004. On or about January 13, 2006, McDermott withdrew its request for the $11,569.40 in fees for the period after April 8, 2004.

## II.    The Receiver's Subpoena and Efforts to Resolve This Discovery Dispute

On or about April 28, 2005, the Receiver served McDermott with a nonparty Subpoena Requesting Production of Documents "related to McDermott's representation of Tech Traders, Inc. Tech Traders, Ltd. and/or Murray (the "Subpoena"). *See* Subpoena, Receiver's Motion at Ex. G. On or about May 20, 2005, McDermott served the Receiver with its response to the Subpoena asserting various objections, including objecting to the Subpoena "to the extent it calls for the disclosure of information that McDermott regards

3

as being subject to the attorney-client privilege, as constituting attorney work product, or as being otherwise immune from discovery." *See* McDermott Response to Subpoena, attached hereto as Ex. C at ¶ 1.  McDermott also objected to the Subpoena to the extent it seeks information that is not relevant to the issues in the CFTC Investigation or is not reasonably calculated to lead to the discovery of relevant and admissible information. *Id.* at ¶ 2.

On May 26, 2005, McDermott produced certain documents in response to the Subpoena.  *See* McDermott letter dated May 20, 2005, Receiver's Motion at Ex. H. With respect to documents McDermott withheld from production, McDermott informed the Receiver that the withheld documents generally fall into three categories:  (1) McDermott internal communications, drafts, attorney notes and similar documents considered to be work product (unless sent to the client); (2) McDermott communications with Arnold & Porter and consultants or potential consultants considered to be work product (unless sent to the client); and (3) privileged documents related to McDermott's representation of Coyt E. Murray in setting up new hedge funds.  *See* McDermott Letter dated June 24, 2005, Receiver's Motion at Ex. J.

In a letter dated July 1, 2005, the Receiver's counsel requested that McDermott reconsider its position with respect to the first two categories and produce any documents in the third category related to Tech Traders, Inc. or Tech Traders, Ltd.  By letter dated July 18, 2005, Murray's counsel informed McDermott that Coyt E. Murray had agreed to waive the attorney-client privilege.  *See* Letter to McDermott dated July 18, 2005, Receiver's Motion at Ex. L.   On July 26, 2005, McDermott produced documents in category three above, *i.e.*, privileged documents related to McDermott's representation of

Coyt E. Murray.  *See* McDermott letter dated July 26, 2005, Receiver's Motion at Ex. M.

Following this supplemental production, the Receiver did not contact McDermott prior to

filing his Motion to Compel nearly four months later.  On or about December 5, 2005, the

Receiver served McDermott with a motion to compel requesting that McDermott be

ordered to produce the "remaining documents, apparently withheld on a claim of "work

product" protection."  Receiver's Motion at 7.

In an effort to resolve the motion to compel without burdening the court,

McDermott offered to produce the previously withheld as work product documents that

McDermott prepared as part of McDermott's representation of Tech Traders, Inc., Tech

Traders, Ltd. and Coyt E. Murray.  *See* Emails dated January 3 – 11, 2006 attached hereto

as Ex. A.  Although McDermott's offer of production effectively moots Receiver's

Motion to Compel, Receiver's attorneys demand a privilege log of work product and

privileged documents McDermott prepared as part of McDermott's representation of

itself and continue to challenge McDermott's withholding of such documents.  *See Id.*

For the reasons set forth below, McDermott respectfully requests that this Court

grant its motion for a protective order, as well as costs and fees pursuant to Fed. R. Civ.

P.  45(c)(1) and 37(a)(4)(b).

## ARGUMENT

In determining whether to modify a subpoena or issue a protective order, courts

consider, among other things, the relevance of the discovery sought, whether the

information is subject to any privileges, and the potential hardship to the party subject to

the subpoena.  *See Food Lion v. United Food & Commercial  Workers Int'l Union*, 103

F.3d 1007, 1012-13 (D.C. Cir. 1997) (finding documents sought by subpoena not relevant

to the underlying litigation).[1]  In balancing these considerations, courts give special weight to the burden imposed on nonparties in responding to a subpoena.  *See N.C. Right to Life, Inc. v. Leake,* 231 F.R.D. 49, 2005 U.S. Dist. LEXIS 22554 at * 5 (D.D.C. Oct. 6, 2005) (non-party status is a relevant factor to be considered in determining whether the burden imposed by a subpoena is undue).

Receiver's Motion to Compel should be denied and McDermott's Motion for a Protective Order should be granted for three independent reasons.  First, the documents that McDermott is withholding from production are not potentially relevant and thus not subject to discovery.  Second, the documents are textbook work product and protected by the attorney-client privilege.  Finally, in light of the lack of relevancy, the work product and attorney-client privilege issues implicated and other surrounding circumstances, requiring a privilege log is not only an unnecessary annoyance and burden, but also violates the principles the work product doctrine is intended to protect.

## I.    Documents Prepared by McDermott in Anticipation of and/or in Response to Litigation Against McDermott Are Not Relevant.

The initial inquiry regarding the discovery the Receiver seeks "is whether [the] requests are relevant to the subject matter involved in the pending action.'" *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed. Cir. 1990) (quoting Fed. R. Civ. Proc. 26(b)(1)); *see Miscellaneous Docket Matter # 1,* 197 F.3d 922, 925 (8th Cir. 1999) (discovery is not permitted "on matters irrelevant to the subject matter involved in the pending action); *Food Lion,* 103 F.3d at 1014 (noting "problems of boundless

---

[1] *See* Fed. R. Civ. Proc. 45(c)(3)(A)(iii) (permitting court to modify subpoena if it requires disclosure of privileged or other protected material or subjects person to undue burden); Fed. R. Civ. P.  26(c) ("for good cause shown" the Court may fashion "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense").

discovery without a meaningful standard of relevance"). In its Motion, the Receiver

repeatedly states that the documents he seeks are the work product documents relating to

McDermott's "representation of Tech Traders, Inc., Tech Traders, Ltd. and Murray." *See*

Receiver's Motion at 10, 11. To resolve the Receiver's motion to compel, McDermott

offered to produce the work product prepared as part of McDermott's "representation of

Tech Traders, Inc. Tech Traders, Ltd. and [Coyt E.] Murray." *Id.* These work product

documents include attorney notes of interviews with Coyt E. Murray, internal emails

among McDermott attorneys discussing potential strategies for meeting with the CFTC

and defending Tech Traders, Inc. and Tech Traders, Ltd. in the CFTC Investigation and

draft documents related to the CFTC Investigation.[2]

McDermott informed the Receiver of what McDermott assumed would be

understood: McDermott's production would *not* include McDermott's own internal work

product, including numerous drafts and emails prepared in response to the Receiver's

Subpoena, Motion for Turnover Order and this Motion to Compel, and emails and notes

of internal conversations regarding McDermott's handling of the retainer fees and the

termination of McDermott's former clients. *See* Emails dated January 3-11, 2006,

attached hereto as Ex. A. This McDermott work product and privileged material was not

prepared as part of McDermott's representation of the Tech Traders entities. Rather, it

was prepared and continues to be prepared as part of McDermott's representation of itself

in litigation with the Receiver or in the anticipation of litigation. McDermott draft court

filings (such as drafts of this Memorandum) and similar documents are not relevant to the

subject matter of the CFTC Investigation. Discovery should not be allowed, where, as

---

[2] McDermott offered to produce these documents although it has not yet received full
payment for McDermott's legal services.

here, the information "has no conceivable bearing on the case." *Burlington Ins. Co. v. Okie Doki, Inc. et al*, 368 Supp.2d 83, 86 (D.D.C. 2005) (citations omitted); *see Food Lion*, 103 F.3d at 1012 (D.C. Cir. 1997) (the "relevance standard of Rule 26 is not without bite.").

**II.    Documents Prepared by McDermott in Anticipation of and/or in Response to Litigation Against McDermott Are Privileged and Protected Work Product.**

Even if it were potentially relevant, McDermott's work product clearly is protected from disclosure. In the seminal case, *Hickman v. Taylor*, 329 U.S. 495, 513 (1947), the Supreme Court held that the discovery provisions of the Federal Rules of Civil Procedure do not entitle an opposing litigant to "invad[e] the privacy of an attorney's course of preparation." *Hickman*, 329 U.S. at 512. The work product doctrine articulated in *Hickman* protects from discovery materials obtained or prepared in anticipation of litigation, and provides heightened protection for opinion work product -- the attorney's mental impressions, thought processes, opinions, conclusions, and legal theories. *See id.* at 511 (an attorney's thoughts are "inviolate"); *Director of the Office of Thrift Supervision v. Vinson & Elkins*, 168 F.R.D. 445, 446 n. 2 (D.D.C. 1996)(noting that some courts have held that opinion work product is absolutely privileged).

McDermott's draft court filings, emails, attorney notes and other documents prepared in the anticipation of litigation should be protected from disclosure as classic opinion work product. *Hickman*, 329 U.S. at 511 (a lawyer's 'work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways"); *Ideal Electric Co. v. Flowserve Corp.*, 230 F.R.D. 603, 609 (D. Nev. 2005) (stating that drafts often contain attorneys' mental impressions, strategies and either solicit or provide legal

advice and  affirming denial of motion to compel draft affidavit as containing opinions and legal advice).  In addition, these documents are subject to the attorney-client privilege as communications relating to legal advice between McDermott and its attorneys (in this case, McDermott's own  lawyers).  *See Long v. Anderson Univ.*, 204 F.R.D. 129, 135 (S.D. Ind. 2001) (client's draft responses to plaintiff's complaint protected from discovery by attorney-client privilege as well as work product).

The work product McDermott has offered to produce belongs to both McDermott and McDermott's former clients.  *See In Re Sealed Case*, 29 F.3d 715, 718 (D.C. App. 1994) (work product privilege belongs to the lawyer as well as to the client).  Neither McDermott's former clients nor the Receiver, however, is entitled to the work product that belongs solely to McDermott as both attorney and client.  The attorneys responsible for McDermott's various responses to the Receiver's court filings practice in different cities and communicate frequently via email, including exchanging drafts of court filings. Requesting these work product documents is akin to an opposing party asking to be included on the telephone conversations and strategy meetings of an opposing party and asking to be copied on the opposing parties' draft litigation filings and trial preparation materials.  *See Fleet Nat'l Bank v. Tonneson & Co.*, 150 F.R.D. 10, 14-15 (D. Mass. 1993) ("while it would not doubt provide a tremendous tactical advantage" to opposing counsel, "the substantive content of …so-called opinion work product is almost certainly of no legitimate use to an opponent").  The Receiver simply is not entitled to McDermott's work product.

### III.    Requiring a Privilege Log of Irrelevant and Clearly Protected Materials Is Unnecessary and Unduly Burdensome.

Discovery is not available on matters where compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information. *Micro Motion*, 894 F.2d at 1323 (Fed. Cir. 1990) (discovery may not be had on matters relevant or irrelevant to the subject matter where compliance would be unduly burdensome).[3] Nonparties and attorneys are afforded special protection against the time and expense of complying with a subpoena. *See, N.C. Right to Life*, 2005 U.S. Dist. LEXIS 22554 at * 5 (nonparty status is relevant in considering burden on subpoenaed party); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("the concern for unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in discovery).

Although a privilege log is a common means of asserting privileges in discovery, this discovery dispute differs from a typical case in key respects. Here, McDermott already has produced privileged material, and has offered to produce work product material, that comprises the usual subject of privilege logs -- that is, privileged and protected documents relating to the subject matter of the underlying action or controversy. Because McDermott work product prepared in response to ongoing litigation with the Receiver and/or anticipated litigation is not potentially relevant, it is not discoverable and thus no privilege log is required. *See United States of America v.*

---

[3] *See* Fed. R. Civ. P. 45(c)(1 ) (in issuing the Subpoena, plaintiffs are required to "take reasonable steps to avoid imposing undue burden" and "[t]he Court . . . shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction."); Fed. R. Civ. P. 26(b)(2)(iii) (the Court shall limit the discovery of even relevant information if the benefit of the discovery does not outweigh the burden or expense of the proposed discovery).

*Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) (a party is required to describe a document only when the document is "otherwise discoverable"; if a party objects that a document lies outside the scope of a discovery request, the court first should rule on the objection).

Moreover, requiring McDermott to compile a privilege log of these plainly protected and privileged documents is overly-burdensome.   McDermott's work product documents include well over 100 emails and draft documents, with new documents created regularly.  Presumably, McDermott would be required to continually supplement any privilege log with the ongoing communications and documents McDermott generates regarding this matter, such as emails to McDermott attorneys describing the status of Receiver's Motion or attorney notes taken regarding Receiver's Reply to this memorandum.  Requiring McDermott to prepare an email by email, document by document list of its drafts and discussions regarding the Receiver's court filings and other work product is particularly oppressive because the documents so clearly reflect McDermott's ongoing litigation preparation.  Indeed, disclosing the number of drafts of a particular court filing or the dates and number of every email discussion regarding litigation issues in itself reveals information regarding McDermott's "thought processes" and litigation emphasis and strategy. *Hickman*, 329 U.S. at 511.

Accordingly, McDermott seeks an order denying the Receiver's Motion to Compel and protecting McDermott from preparing a privilege log of documents not prepared as part of its representation of Tech Traders, Inc, Tech Traders, Ltd. or Coyt E. Murray.  In the alternative, McDermott respectfully requests that the court perform an *in camera* review of the documents.  *See* Receiver's Motion at 8 (requesting *in camera*

review). In addition, McDermott requests and award of attorneys fees or otherwise appropriate sanction under Fed. R. Civ. P. 45 and 37. *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463 at 68 (2d. ed. 1995) (Rule 45 "requires those issuing or serving a subpoena to take reasonable steps to avoid imposing undue burden or expense on the party subject to the subpoena" and "places upon the issuing court a correlative duty to impose sanctions for the misuse of a subpoena.").

## CONCLUSION

For the foregoing reasons, the Court should deny the Receiver's motion to compel and grant McDermott's motion for a protective order.

Dated: January 25, 2006

Respectfully submitted,

Jana J.T. Baldwin (D.C. Bar. 436260)
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Tel.: 202-756-8000
Fax: 202-756-8087

*Counsel for Nonparty*
*MCDERMOTT WILL & EMERY LLP*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 25th day of January, 2006, I caused a true and correct copy of the foregoing **OPPOSITION TO EQUITY RECEIVER'S MOTION TO COMPEL AND IN SUPPORT OF MCDERMOTT's MOTION FOR PROTECTIVE ORDER** to be delivered via first class mail to the following counsel of record:

Elizabeth M. Streit, Lead Trial Attorney
Scott R. Williamson, Deputy Regional Counsel
Rosemary Hollinger, Regional Counsel
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661

Paul Blaine
Assistant United States Attorney
for the District of New Jersey
Camden Federal Building & U.S. Courthouse
401 Market Street, 4th Floor
Camden, New Jersey 08101

Samuel F. Abernethy
Paul M. Hellegers
Menaker & Herrmann LLP
10 East 40th Street
New York, New York 10016

Melvyn J. Falis
Gusrae, Kaplan & Bruno PLLC
120 Wall Street
New York, New York 10005

J. Vernon Abernethy
413 South Chester Street
Gastonia, North Carolina 28052

Robert Shimer
1225 W. Leesport Rd.
Leesport, PA 19533

Vincent J. Firth
3 Aster Court
Medford, New Jersey 08055

Charles H. Carpenter
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Washington, D.C. 20005

Raven Moore, Esq.
Sachoff & Weaver, Ltd.
10 South Wacker Drive, Suite 4000
29th Floor
Chicago, IL 60606

Derwin Leonard

WDC99 1187920-4.070182.0010