

| | | |
|---|---|---|
| Jana Baldwin/WDC/MWE<br>01/11/2006 07:10 PM | To | BSANGHA@sachnoff.com |
| | cc | sbobo@sachnoff.com, RMOORE@sachnoff.com, Steven Hoeft/CHI/MWE@MWE, Paul Pantano/WDC/MWE@MWE |
| | bcc | |
| | Subject | RE: Motion to Compel |

Bina:

This supplements my January 5, 2006 email to Raven Moore and responds to your January 9, 2006 email.

In my January 5 email, I stated that "based on our initial review, the only documents we plan to withhold in this category" [ *i.e.*, documents directly related to the termination of our representation] are drafts of termination letters and approximately ten emails dated April 7 and 8, 2004 among McDermott attorneys discussing and circulating those drafts." Upon further review, we also have identified several pages of handwritten notes reflecting conferences among McDermott attorneys discussing the termination.

In response to your comments in your January 9 email regarding "our work related to [the] termination," we have not sought fees for the tasks we performed in terminating our representation, but rather for our representation of the Tech Trader entities and Coyt Murray leading up to the termination (including meeting with the Receiver in North Carolina, *etc.*) With respect to your reference to our "subsequent time," we note that while you suggest that the fact we seek fees for responding to the Receiver's requests following the termination is inconsistent with withholding any work product documents related thereto, the Receiver has taken the position that we are not entitled to post-termination fees. In any event, in order to avoid any issues related to this point, we currently plan to inform the New Jersey district court that we withdraw our request for fees incurred after the termination of the Tech Traders entities and Coyt Murray.

Finally, with respect to paragraph 3 of your January 9 email, we believe that your request for a privilege log of our ongoing work product is unduly burdensome, particularly in light of the description we have provided and our status as a nonparty. Accordingly, we regret that we have not been able to reach an agreement without further burdening the court and we withdraw our offer to produce documents at this time. We plan to file and serve our response to the Receiver's motion to compel on or before January 25, 2006 and request our fees pursuant to Rule 37(a)(4)(B).

Regards,

Jana V.T. Baldwin
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8191
(202) 756-8087 (fax)
jbaldwin@mwe.com

"Sanghavi, Bina" <BSANGHA@sachnoff.com>

| | | |
|---|---|---|
| "Sanghavi, Bina"<br><BSANGHA@sachnoff.com> | To | <jbaldwin@mwe.com> |
| | cc | "Moore, Raven" <RMOORE@sachnoff.com> |
| | Subject | RE: Motion to Compel |

01/09/2006 05:22 PM

Jana:

Consistent with my letter to you dated July 1, 2005, following is our response to your email dated January 5, 2006:

1. On or before January 13, 2006, we look forward to the production of documents that you are willing to produce, accompanied by a cover letter explaining the basis for McDermott's change in position with respect to those documents.

2. We are not interested in your production of any court filings in this case that are readily available on the court's website.

3. With respect to any other documents that you are not willing to produce, the description you have provided does not satisfy Rule 45, particularly in light of the fact that McDermott has filed papers claiming that it deems time for work related to its termination and subsequent time to be billable and has actually submitted bills for that time. If you intend not to produce the documents and not to produce a privilege log, then we look forward to service of a copy of your response brief on or before January 25, 2006.

I also inform you that I have learned from counsel for the CFTC that the CFTC intends to file a joinder to our motion to compel and that if we prevail, we intend to seek reimbursement to the receivership estate for all expenses incurred in making the motion under Fed. R. Civ. Pro. 37(a)(4)(A). Finally, because I have just returned from an extended overseas vacation and will therefore be juggling several matters over the next couple of weeks, along with a work travel schedule, email is the most expedient way to reach me.

Bina Sanghavi
Bsanghavi@sachnoff.com
Sachnoff & Weaver, Ltd.
10 South Wacker Drive, Suite 4000
Chicago, IL 60606-7507
(312) 207-3916
(312) 207-6400 Fax

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (312) 207-1000 and permanently delete the original and any copy of any e-mail and any printout thereof.

-----Original Message-----
From: jbaldwin@mwe.com [ mailto:jbaldwin@mwe.com ]
Sent: Thursday, January 05, 2006 6:14 PM
To: Moore, Raven
Cc: shoeft@mwe.com; ppantano@mwe.com; Sanghavi, Bina; Bobo, Stephen T.
Subject: RE: Motion to Compel

*For Settlement Purposes Only*

Raven:

This responds to your January 4 email. I will address in order the issues and questions you raise.

This confirms that other than the privileged work product documents discussed further below, correspondence with the Receiver and his attorneys, duplicates and publically available documents such as court filings, McDermott has produced or is offering to produce all documents relating to Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray.

Assuming we reach agreement on all outstanding issues, we agree to produce the documents at issue by January 13, 2006 as long as the Receiver agrees to inform us by January 20, 2005 in the event he does not intend to withdraw the motion to compel.

Regarding the particular documents that McDermott intends to withhold, we do not agree that we are required to provide a "specific listing identifying each of these documents." As we previously stated, the documents we are referring to were not prepared as part of our representation of Tech Traders, Inc., Tech Traders, Ltd. or Coyt Murray. The documents include draft court filings and correspondence between McDermott attorneys discussing internal issues and/or our litigation strategy in response to the Receiver's inquiries and various court filings such as the subpoena, motion for retainer funds and motion to compel. Numerous emails exist fitting this description. These emails and drafts are classic work product and also subject to the attorney-client privilege, with McDermott lawyers serving as McDermott's counsel. Moreover, such documents relate to Tech Traders, Inc., Tech Traders, Ltd. and Coyt Murray in only the very broadest sense and we do not see how they are relevant. We believe we have described "the nature of the documents, communications, or things not produced that is sufficient to enable [the Receiver] to contest the claim" pursuant to Rule 45 and that preparing an email by email, draft by draft listing is unnecessary and unduly burdensome.

With respect to documents directly related to the termination of Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray, we believe these documents also are privileged and protected by the work product doctrine. In the interest of compromise, however, we inform you that based on our initial review, the only documents we plan to withhold in this category are drafts of termination letters and approximately ten emails dated April 7 and 8, 2004 among McDermott attorneys discussing and circulating those drafts.

Finally, we estimate that we will produce approximately one box of documents. Approximately 1/2 of the remaining documents consist of copies of court filings such as the CFTC's complaint for injunctive relief and motion for restraining order and exhibits. The other approximately 1/2 of the remaining documents consist of duplicates, the documents described above and a small number of research memoranda McDermott prepared for other clients.

In light of the above and the fact that we have agreed that the Receiver may withdraw the motion to compel as moot rather than file a motion to dismiss with prejudice, we hope we can quickly finalize the resolution of these issues without burdening the court. Please let us know at your convenience whether we should begin preparing the documents for production. In the alternative, Steven Hoeft (of our Chicago office) and I would be happy to discuss any of these issues further with you, Ms. Sanghavi and/or Mr. Bobo.

Regards,

Jana V.T. Baldwin
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8191
(202) 756-8087 (fax)
jbaldwin@mwe.com

"Moore, Raven" <RMOORE@sachnoff.com>

01/04/2006 02:33 PM     To     <jbaldwin@mwe.com>

cc "Sanghavi, Bina"
&lt;BSANGHA@sachnoff.com&gt;,
"Bobo, Stephen T."
&lt;sbobo@sachnoff.com&gt;

Subject RE: Motion to Compel

Good afternoon, Jana--

I have reviewed your email correspondence describing the documents McDermott Will & Emery intends to produce, as well as those documents it intends to withhold in response to the Receiver's subpoena duces tecum served on McDermott on or about April 27, 2005. To reach resolution on the Receiver's motion to compel, McDermott must confirm that it will be producing <u>all</u> documents requested in the Receiver's subpoena duces tecum, with the exception of a <u>specific listing</u> of the documents McDermott intends to withhold (as discussed below). To clarify your characterization in paragraph 1, the Receiver has requested more than just those documents relating to the "CFTC investigation of Tech Traders, Inc., Tech Traders, Ltd. and Coyt Murray." Rather, the Receiver has requested all documents related to Tech Traders, Inc., Tech Traders, Ltd. and Coyt Murray. Also, we would agree to withdraw the pending motion within a reasonable period following McDermott's production of the remaining documents. The idea of a dismissal with prejudice doesn't fit well here, and could be overly restrictive.

Regarding the particular documents that McDermott intends to withhold, we need you to provide a <u>specific listing</u> identifying each of these documents so that we may review this listing and determine whether we agree to the documents being withheld. The resolution of the Receiver's motion will be conditioned upon our agreement on the listing of the documents that McDermott intends to withhold. The second paragraph of your email does not provide any such listing of documents. Additionally, in this second paragraph you explain that McDermott does not believe that "draft termination letters or other documents directly related to the termination" must be produced. We disagree with this belief. McDermott is required to produce such documents.

Finally, we would like to clarify the reason why McDermott's production will comprise about one box of documents instead of "approximately three boxes of documents," which you previously represented were being withheld. During our conversation yesterday morning, you explained McDermott previously ascertained that the three boxes contained many duplicate copies, and after removing these duplicates, the remaining documents filled approximately one box.

In the event it is not possible to reach a full resolution on this issue by tomorrow, we are not opposed to the parties filing a stipulation for a further short extension of time.

Regards,

Raven Moore

Sachnoff & Weaver, Ltd.
10 South Wacker Drive
Suite 4000
Chicago, IL 60606

312.207.6457
312.207.6400 (f)


-----Original Message-----
From: jbaldwin@mwe.com [ mailto:jbaldwin@mwe.com ]
Sent: Tuesday, January 03, 2006 4:33 PM
To: Moore, Raven
Subject: Motion to Compel


Raven:

This will confirm our telephone conference today regarding our offer to produce certain documents. As we discussed, in an effort to resolve this matter amicably without an additional expenditure of resources and in exchange for the Receiver's agreement to file a notice of dismissal with prejudice of the motion to compel, we agree to produce the documents related to the CFTC investigation of Tech Traders, Inc., Tech Traders, Ltd and Coyt E. Murray (and /or related to the anticipation of that CFTC investigation) that McDermott previously withheld on the grounds of the work product doctrine. These documents include, among other things, internal emails among McDermott attorneys, handwritten attorney notes, emails with Arnold & Porter and consultants, and any draft joint defense agreements. We estimate this production will comprise approximately one box of documents.

The only material we will not produce (some of which might be considered to be broadly "related" to the CFTC investigation and/or our former clients) is McDermott's internal work product that was not prepared as part of McDermott's legal representation of Tech Traders, Inc., Tech Traders, Ltd and/or Coyt E. Murray. These documents include emails, drafts and other documents related to internal McDermott matters such as McDermott's responses to the Receiver's subpoena and court filings, McDermott's course of action regarding the funds held on retainer, etc. In response to your question regarding draft termination letters, this category of documents ( i.e., documents we are withholding) includes any draft termination letters or other documents directly related to the termination of McDermott's representation of Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray (We have already produced the final termination letters).

Please let me know if you have any questions.

Regards,

Jana V.T. Baldwin
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8191
(202) 756-8087 (fax)
jbaldwin@mwe.com


*********************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby

notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
**************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

IMPORTANT NOTICE

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (312) 207-1000 and permanently delete the original and any copy of any e-mail and any printout thereof.

***********************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

***********************************************************************

IMPORTANT NOTICE

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (312) 207-1000 and permanently delete the original and any copy of any e-mail and anyprintout thereof.

***************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to

this message, and then delete it from your system. Thank you.

*****************************************************************