

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EQUITY FINANCIAL GROUP, LLC, TECH TRADERS, INC., TECH TRADERS, LTD., MAGNUM INVESTMENTS, LTD., MAGNUM CAPITAL INVESTMENTS, LTD., VINCENT J. FIRTH, ROBERT W. SHIMER, COYT E. MURRAY, and J. VERNON ABERNETHY<br><br>Defendants. | Civil Action # 04-cv-1512<br><br>Honorable Robert B. Kugler |

### McDERMOTT WILL & EMERY LLP'S RESPONSE TO EQUITY RECEIVER STEPHEN T. BOBO'S NON-PARTY SUBPONEA REQUESTING PRODUCTION OF DOCUMENTS

McDermott Will & Emery, LLP ("MWE"), a law firm that is neither a plaintiff nor a defendant in the above-captioned litigation, hereby submits its responses and objections to the subpoena requesting the production of documents dated April 25, 2005, served on MWE by counsel for Equity Receiver Stephen R. Bobo ("Subpoena").

### GENERAL OBJECTIONS

1. MWE objects to the Subpoena to the extent that it calls for the disclosure of information that MWE regards as being subject to the attorney-client privilege, as constituting attorney work product, or as being otherwise immune from discovery.

In particular, MWE objects to the production of documents relating to Coyt E.

Murray, in his individual capacity, as subject to the attorney-client privilege. Subject to the general and specific objections herein, MWE will produce responsive documents related to Tech Traders, Inc. or Tech Traders, Ltd. that are subject to the attorney-client privilege, upon receipt of written representation from Mr. Bobo that (1) he is acting as Equity Receiver on behalf of Tech Traders, Inc. and Tech Traders, Ltd.; (2) he is requesting production of the documents described in the Subpoena on behalf of Tech Traders, Inc. and Tech Traders, Ltd; and (3) Mr. Bobo stands in the shoes of Tech Traders, Inc. and Tech Traders, Ltd. and therefore MWE's production of responsive documents to Mr. Bobo and his attorneys does not violate the attorney-client privilege.

MWE further objects to the production of any internal documents prepared by, or emails or other communications among or between, MWE attorneys, MWE personnel, and/or MWE's agents or consultants, as subject to the work product doctrine.

The inadvertent production of any privileged information or information subject to the work product doctrine shall not signify any intent by MWE to waive any applicable privileges or protections.

2.  MWE objects to the Subpoena to the extent it seeks information that is not relevant to the issues in the above-captioned matter or is not reasonably calculated to lead to the discovery of relevant and admissible information.

3.  MWE objects to the Subpoena to the extent it is unreasonably vague, ambiguous, overly broad, repetitious, unduly burdensome, or purports to require the disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. In particular, MWE objects to "referencing, relating to or involving" as overly broad and unusually burdensome. MWE also objects to the Subpoena to the extent that it seeks

WDC99 1080570-2.070182.0010

identification, descriptions, and/or production of "all" documents or "all" correspondence, *etc.*, as being overly broad and unduly burdensome.

4. MWE objects to the Subpoena to the extent it calls for the production of documents or information containing confidential information of MWE or third parties, including trade secrets, research and development, or commercial information entitled to be kept confidential under the Federal Rule of Civil Procedure 26(c). MWE further objects to the Subpoena to the extent it calls for the disclosure of such confidential information without a suitable Protective Order entered in this case.

5. MWE objects to the Subpoena as overly broad and unduly burdensome to the extent it is cumulative or duplicative of documents or information already requested or calls for the production of documents or information already in the possession of Mr. Bobo or his attorneys. Accordingly, MWE is not producing duplicates or copies of correspondence or other documents previously sent to or received from Mr. Bobo or his attorneys.

6. MWE objects to the Subpoena as overly broad and unduly burdensome to the extent it is cumulative or duplicative of information obtained or obtainable from other parties. MWE objects to the "Instructions" to the extent they request documents possessed by agents or advisors of MWE, as being overly broad and unduly burdensome. MWE is not producing copies of court filings in the above-captioned action, or other documents, if any, that are publicly available.

7. MWE objects to the Subpoena to the extent that it calls for information protected by the United States Constitution and any applicable state constitution or federal or state statutes, including, but not limited to, the right of privacy.

- 3 -

8. These objections and the following responses are made without waiving any rights or objections or admitting the authenticity, relevancy, materiality, or admissibility into evidence of the subject matter or facts contained in any document request or MWE's response thereto. Furthermore, MWE specifically reserves the right to object to the uses of such responses, or the subject matter thereof, on any ground in any further proceeding in this action as well as the right to object on any ground at any time in response to a demand or request, except to the extent those instructions and definitions specifically conform to the requirements of the Federal Rules of Civil Procedure and the applicable case law developed thereunder.

9. MWE objects to the Subpoena on the basis of the foregoing General Objections and such other additional specific objection to a specific document request set forth below.

MWE incorporates the foregoing General Objections in its Responses below, and without waiver of the same, MWE responds as follows:

## OBJECTIONS AND RESPONSES

*Request #1: Any and all documents referencing, relating to or involving any of the persons or entities listed below.*

  a. *Abernethy, Jack Vernon*
  b. *Tech Traders, Ltd.*
  c. *Tech Traders, Inc.*
  d. *Magnum Capital Investments, Ltd.*
  e. *Magnum Investments, Ltd.*
  f. *Shimer, Robert W.*
  g. *Firth, Vincent J.*
  h. *Equity Financial Group, LLC*

WDC99 1080570-2.070182.0010

    *i. Shasta Capital Associates, LLC*
    *j. New Century Trading, LLC*
    *k. Hallberg, Budd*
    *l. Teague, Elaine*
    *m. Puttman & Teague, LLC*
    *n. Murray, Coyt E.*
    *o. Murray, Coyt A.*
    *p. Lee, Susan G.*
    *q. Aronow, Geoffrey F.*
    *r. Arnold & Porter LLP*

**OBJECTIONS AND RESPONSE:**

MWE objects to this Request to the extent the requested documents are protected by the attorney-client privilege and/or the work product doctrine. *See* General Objection No. 1. MWE further objects to this request as overly broad and unduly burdensome in that it seeks information "referencing, relating to or involving" to persons and/or entities not relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. For example, MWE likely possesses copies of certain pleadings, correspondence or other papers referencing Arnold & Porter LLP and other entities or persons listed above, which have no possible relevance to this action. *See also* General Objection No. 4. Subject to the foregoing general and specific objections, MWE will produce any responsive, relevant documents not subject to the attorney-client privilege or work product doctrine.

*Request #2: Any and all documents referencing, relating to or involving any of the persons or entities that invested with or loaned money to Magnum Capital Investments, Ltd., Magnum Investments, Ltd., Tech Traders, Inc., Tech Traders, Ltd., Coyt A. Murray, Coyt E. Murray, Equity Financial Group, LLC, Shasta Capital Associates, LLC, New Century Trading, LLC, Robert W. Shimer, Vincent J. Firth, and/or Jack Vernon Abernethy.*

- 5 -

**OBJECTIONS AND RESPONSE:**

MWE objects to this Request as duplicative of Request # 1. MWE further objects to this Request to the extent the requested documents, are protected by the attorney-client privilege and/or the work product doctrine. MWE also objects to Request # 2 as vague and ambiguous in that unless it is evident on the face of an otherwise responsive document, MWE has no way of knowing what, if any, "persons or entities [] invested with or loaned money to" the above listed entities and persons. *See* Response to Request No. 1.

*Request #3: Any and all documents concerning the retention of McDermott Will & Emery by Tech Traders, Ltd., Tech Traders, Inc., Magnum Capital Investments, Ltd., Magnum Investments, Ltd., Coyt A. Murray and/or Coyt E. Murray.*

**OBJECTIONS AND RESPONSE:**

MWE objects to this Request as duplicative of Request # 1. MWE further objects to this Request to the extent such documents are protected by the attorney-client privilege and/or the work product doctrine. *See* General Objection No. 1. Subject to the foregoing general and specific objections, MWE will produce any responsive, relevant documents not subject to the attorney-client privilege or work product doctrine.

*Request #4: Any and all documents concerning McDermott Will & Emery's provision of legal services to Tech Traders, Ltd., Tech Traders, Inc., Magnum Capital Investments, Ltd., Magnum Investments, Ltd., Coyt A. Murray and/or Coyt E. Murray, including, but not limited to, payments, retention agreements, time records, invoices, and letters of termination or withdrawal.*

- 6 -

**OBJECTIONS AND RESPONSE:**

MWE objects to this Request as duplicative of Request # 1. MWE further objects to this Request to the extent such documents are protected by the attorney-client privilege and/or the work product doctrine. *See* General Objection No. 1. Subject to the foregoing general and specific objections, MWE will produce any responsive, relevant documents not subject to the attorney-client privilege or work product doctrine.

*Request #5: Any and all documents concerning communications between attorneys at McDermott Will & Emery, including those individuals listed below, and Tech Traders, Ltd., Tech Traders, Inc., Magnum Capital Investments, Ltd., Magnum Investments, Ltd., Coyt A. Murray and/or Coyt E. Murray.*

  a. Pantano, Paul J.
  b. Aron, David E.
  c. Sullivan, John J.
  d. Hastings, Elizabeth
  e. Baldwin, Jana V.
  f. Jocelyn, Daniel N.

**OBJECTIONS AND RESPONSE:**

MWE objects to this Request as duplicative of Request # 1. MWE further objects to this Request to the extent such documents are protected by the attorney-client privilege and/or the work product doctrine. *See* General Objection No. 1. Subject to the foregoing general and specific objections, MWE will produce any responsive, relevant documents not subject to the attorney-client privilege or work product doctrine.

*Request #6: Any and all documents concerning McDermott Will & Emery's work, advice or knowledge relating to Tech Traders, Ltd., Tech Traders, Inc., Magnum Capital Investments,*

*Ltd., Magnum Investments, Ltd., Coyt A. Murray and/or Coyt E. Murray.*

**OBJECTIONS AND RESPONSE:**

MWE objects to this Request as duplicative of Request # 1. MWE further objects to this Request to the extent such documents are protected by the attorney-client privilege and/or the work product doctrine. *See* General Objection No. 1. Subject to the foregoing general and specific objections, MWE will produce any responsive, relevant documents not subject to the attorney-client privilege or work product doctrine.

*Request #7: Any joint defense agreement between or among Equity Financial Group, LLC, Shasta Capital Associates, LLC, Robert W. Shimer, Vincent J. Firth, Magnum Capital Investments, Ltd., Magnum Investments, Ltd., Tech Traders, Ltd., Tech Traders, Inc., Coyt A. Murray, and Coyt E. Murray.*

**OBJECTIONS AND RESPONSE:**

MWE objects to this Request as duplicative of Request # 1. MWE further objects to this Request to the extent such documents are protected by the attorney-client privilege and/or the work product doctrine. *See* General Objection No. 1. Subject to the foregoing general and specific objections, MWE will produce any responsive, relevant documents not subject to the attorney-client privilege and/or the work product doctrine.

*Request #8: Any and all documents concerning any joint defense agreement between or among Equity Financial Group, LLC, Shasta Capital Associates, LLC, Robert W. Shimer, Vincent J. Firth, Magnum Capital Investments, Ltd., Magnum Investments, Ltd., Tech Traders, Ltd., Tech Traders, Inc., Coyt A. Murrary.*

WDC99 1080570-2.070182.0010

**OBJECTIONS AND RESPONSE:**

MWE objects to this Request as duplicative of Request # 1. MWE further objects to this Request to the extent such documents are protected by the attorney-client privilege and/or the work product doctrine. *See* General Objection No. 1. Subject to the foregoing general and specific objections, MWE will produce any responsive, relevant documents not subject to the 7attorney-client privilege and/or the work product doctrine.

DATED this 20th day of May, 2005.

                Respectfully submitted,

                MCDERMOTT, WILL & EMERY

        By: _Jana Baldwin_

                MCDERMOTT WILL & EMERY LLP
                Paul J. Pantano, Jr.
                Jana V.T. Baldwin
                600 13th Street, N.W.
                Washington, D.C. 20005-3096
                Telephone: (202) 756-8000
                Facsimile: (202) 756-8087

- 10 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 20th day of May, 2005, I caused a true and correct copy of the foregoing McDermott, Will & Emery's Objections and Responses to to be delivered via facsimile, regular mail and federal express, overnight delivery addressed to:

Jeffrey A. Carr, Esq.
Pepper Hamilton LLP
300 Alexander Park
CN 5276
Princeton, NJ 08543-5276

Raven Moore, Esq.
Sachoff & Weaver, Ltd.
30 South Wacker Drive
29th Floor
Chicago, IL 60606-7484

_____
Jana V.T. Baldwin