UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Commodity Futures Trading Commission, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>Equity Financial Group, LLC, *et al.*, )<br>)<br>Defendants. )<br>)<br>)<br>) | Case No. 1:05-mc-00493-ESH/AK<br><br>Judge Ellen S. Huvelle<br>Magistrate Judge Alan Kay |

**NONPARTY MCDERMOTT WILL & EMERY LLP'S REPLY MEMORANDUM
IN SUPPORT OF MCDERMOTT'S MOTION FOR PROTECTIVE ORDER**

The Receiver now states that he "does not seek – and has never sought – production of McDermott's work product and privileged documents not prepared as part of the representation of Tech Traders, Inc. Tech Traders, Ltd. and Coyt E. Murray or a privilege log for those documents." Equity Receiver's Response to McDermott Will & Emery LLP's Motion for Protective Order ("Receiver's Response") at 2 (emphasis added); *see* Emails attached to McDermott Will & Emery's Opposition to Equity Receiver's Motion to Compel and In Support of Motion for Protective Order dated January 35, 2006 ("Opposition").[1] Taking this statement at face value, no dispute

---

[1] By email dated January 5, 2006, Ms. Baldwin described to the Receiver's attorney the documents McDermott intended to withhold , *i.e.*, documents "not prepared as part of [McDermott's] representation of Tech Traders, Inc., Tech Traders, Ltd. or Coyt Murray, including "draft court filings and correspondence between McDermott attorneys discussing internal issues and/or our litigation strategy in response to the Receiver's inquiries and various court filings." January 5, 2006 Email to Raven Moore, Opposition at Ex. A. Receiver's response left no room for negotiation:  "With respect to any [] documents [other than court filings readily available on the court's website] that you are not willing to produce . . . [i]f you intend not to produce the documents and not produce a privilege log, then we look forward to service of a copy of your response [to Receiver's motion to compel]." January 9, 2006 Email from Bina Sanghavi,

remains.

However, without citing any authority, Receiver asks that McDermott also be required to produce "*all* documents created between December 31, 2003 and June 30, 2004 for which it billed time and submitted invoices." Response at 2 (emphasis original). The Receiver asserts that withholding as McDermott work product documents created during the same time period for which McDermott submitted invoices, is "tantamount to saying that McDermott submitted phony invoices to its clients." Response at 3. First, even with respect to work product that is relevant to the representation of a former client (and McDermott's personal work product at issue here is not), the inquiry with respect to withholding work product is what has been paid, not what was invoiced. *See* D.C. Rules of Professional Conduct, Rule 1.8(i), Comment [9] (client is entitled to work product "if the client has paid for the work product"); *see also* Opposition at 6-8.

Moreover, by submitting invoices totaling approximately $11,500 for the period from April 8 through June 30, 2004, McDermott is not claiming to have represented Tech Traders, Inc., Tech Traders, Ltd. and Coyt Murray during this period as the Receiver suggests. Response at 2. Just as McDermott routinely provides services to numerous clients simultaneously, McDermott can create work product in the representation of itself and during the same time period separately provide and charge for services to a former client or Receiver standing in the client's shoes. *See, e.g., D.C. Ethics Opinion No. 283, Disposition of Closed Client Files* (July 15, 1998) (lawyer may charge former client for the time and effort expended segregating or reviewing materials in closed files upon

---

Opposition at Ex. A. Accordingly, McDermott was forced to oppose Receiver's motion to compel and seek a protective order from preparing a privilege log for clearly irrelevant and protected documents.

termination of representation; "review of the files is being undertaken for the benefit of the client and like other forms of client services, may be compensated by a reasonable fee"). In any event, to avoid any confusion with respect to the period following termination of McDermott's former clients, McDermott withdrew its request for fees after April 8, 2004.[2]

Receiver's vague argument that McDermott has failed to provide a sufficient description of documents prepared before June 30, 2004 is inconsistent with his representation that he "does not seek – and has never sought – production of McDermott's work product and privileged documents not prepared as part of the representation of Tech Traders, Inc. Tech Traders, Ltd. and Coyt E. Murray *or a privilege log for those documents*." Receiver's Response at 1-2 (emphasis added). Moreover, as discussed in McDermott's Opposition, no further description is required for documents that are clearly irrelevant and thus not discoverable. *See* Opposition at 6-8, 10-11.

Although McDermott has not yet been paid for its services for the period from March through June 2004, McDermott has offered to produce documents prepared as part of its representation of Tech Traders, Inc., Tech Traders, Ltd. and Coyt E. Murray, including work product, without respect to time period or whether or not it has been paid. Accordingly, based on the Receiver's own representation, Receiver's motion to compel is moot and McDermott's request for a protective order should be granted.

---

[2] In addition, once the parameters of McDermott's required production are clear, McDermott is willing to re-review the relevant invoices and to the extent there exist any examples where charges for individual attorney time in the days leading to the termination could reasonably be interpreted as including time relating to McDermott's work product, forego fees for those entries.

## **CONCLUSION**

For the foregoing reasons, McDermott seeks an order denying the Receiver's Motion to Compel and protecting McDermott from preparing a privilege log of documents not prepared as part of its representation of Tech Traders, Inc, Tech Traders, Ltd. or Coyt E. Murray.

Dated: February 3, 2006

Respectfully submitted,

*Jana Baldwin*
Jana V.T. Baldwin (D.C. Bar. 436260)
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Tel.: 202-756-8000
Fax: 202-756-8087

*Counsel for Nonparty*
*MCDERMOTT WILL & EMERY LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 3rd day of February, 2006, I caused a true and correct copy of the foregoing **NONPARTY MCDERMOTT, WILL & EMERY'S REPLY MEMORANDUM IN SUPPORT OF MCDERMOTT's MOTION FOR PROTECTIVE ORDER** to be delivered via first class mail to the following counsel of record:

Elizabeth M. Streit, Lead Trial Attorney
Scott R. Williamson, Deputy Regional Counsel
Rosemary Hollinger, Regional Counsel
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661

Samuel F. Abernethy
Paul M. Hellegers
Menaker & Herrmann LLP
10 East 40th Street
New York, New York 10016

J. Vernon Abernethy
413 South Chester Street
Gastonia, North Carolina 28052

Vincent J. Firth
3 Aster Court
Medford, New Jersey 08055

Paul Blaine
Assistant United States Attorney
for the District of New Jersey
Camden Federal Building & U.S. Courthouse
401 Market Street, 4th Floor
Camden, New Jersey 08101

Melvyn J. Falis
Gusrae, Kaplan & Bruno PLLC
120 Wall Street
New York, New York 10005

Robert Shimer
1225 W. Leesport Rd.
Leesport, PA 19533

Charles H. Carpenter
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Washington, D.C. 20005

Raven Moore, Esq.
Sachoff & Weaver, Ltd.
10 South Wacker Drive, Suite 4000
29th Floor
Chicago, IL 60606

_/s/ Jana Baldwin_
Jana V.T. Baldwin